**MANIS v. VITOLO**
Case No. 83-00375 CY
Seventeenth Judicial Circuit, Broward County
July 22, 1983

Dan Cytryn, for plaintiff.

Michael Richard Meng, for defendant.

LAWRENCE L. KORDA, Circuit Judge

THIS CAUSE having come on before this court on July 19, 1983, for non-jury trial, and the court, on the evidence presented, after having determined the believability and credibility of the testimony presented

by both parties, and having considered the relation and situation of the parties, this court makes the following finds of fact:

1. That the Plaintiff, HELEN MANIS, lived in the same household with the decedent, LOUIS VITOLO, continuouslly from May, 1973, until February 5, 1982, the date of the decedent's death, which occurred when two persons broke into the household and murdered him.

2. That on September 9, 1977, the decedent was in an automobile accident that essentially rendered the decedent totally incapacitated, and during this period of time, the Plaintiff, on a full-time basis, washed, massaged, bathed and fed the decedent, assisted him in ambulation and personal hygiene, and assisted him in performing physical therapy for two to three hours per day, and otherwise assisted the decedent for a minimum of eight hours per day, and these activities constitute the job description of a nurse's aid.

3. That for a period of one year following decedent's automobile accident, the decedent's sole means of financial support was the Plaintiff, who contributed Five Thousand Two Hundred Dollars ($5,200.00) of her earnings and income, said sum being used for the sole benefit and support of the decedent, this being corroborated by the testimony of three independent witnesses, whom the decedent had advised that HELEN MANIS was the sole means of support of the decedent during this period of time.

4. Beginning in May of 1973, until February 5, 1982, HELEN MANIS performed the cooking, cleaning, shopping, washing, and all duties of a housekeeper, and the house was kept in an immaculate condition, and this court deems that 4 hours per day performing such services is a conservative and reasonable figure.

5. The uncontradicted testimony of the witnesses, including the decedent's best friend, reflects that in consideration of the services rendered and support given by the Plaintiff, the decedent had on numerous occasions promised to buy Plaintiff a house for cash to be put in the Plaintiff's sole name, in order to compensate her for what she had done for the decedent, so that she would be taken care of for the rest of her life in case something happened to the decedent.

6. In addition, the uncontradicted testimony of the witnesses reflects that the decedent discussed his making of a will that would have designated the Plaintiff as decedent's sole beneficiary.

7. That although there was a warm and loving relationship between the Plaintiff and the decedent, the Plaintiff performed the aforementioned services at the instance and with the full knowledge, consent, and agreement of the decedent, which services were voluntarily accepted by

the decedent. The Plaintiff expected to be paid for the services she rendered to the decedent, and, in addition, the decedent expressed his intent and promised to provide for the Plaintiff. The services and support given by the Plaintiff to the decedent were separate from and not based upon an illegal or illicit arrangement.

8. That almost all of the assets of this estate constitute the settlement proceeds of the decedent's automobile accident, a portion of which was to be used for the purchase of the subject home for the Plaintiff; the approximate value of the home that was to be purchased for the Plaintiff being in the amount of Twenty-Six Thousand Dollars ($26,000.00).

Based upon the foregoing findings of fact, this Court makes the following conclusions of law:

9. That an express promise by the decedent to pay the Plaintiff existed, and that if not an express contract than a contract implied-in-fact or law existed to compensate the Plaintiff. Based upon the facts and circumstances of this case, this court determines that the reasonable value of the services rendered by the Plaintiff to the decedent from the period beginning September 9, 1977, until February 5, 1982, is Nineteen Thousand Thirty-Eight Dollars ($19,038.00). Said sum was testified to by the Plaintiff's expert witness, and was uncontrovered, credible, and an amount that this court deems to be fair, reasonable, and just. The other remedies sought by the Plaintiff are denied as they would duplicate the remedies provided in this judgment.

10. In addition, the Plaintiff is entitled to recover the sum of Five Thousand Two Hundred Dollars ($5,200.00), which this court finds is the sum that the Plaintiff expended out-of-pocket to support the decedent for the one year period subsequent to the decedent's accident, on the basis that, beyond a reasonable doubt, the estate of the decedent has been unjustly enriched by the failure of the estate to reimburse the Plaintiff. The trustee, ATHENA LOUISE VITOLO, as Personal Representative of the Estate of Louis Vitolo, or her successor(s), shall be required to account to Plaintiff for said sum, and hold said sum in trust for the benefit of the Plaintiff, on the theory of a constructive trust. In the alternative, this recovery is based upon the equitable doctrines of money had and received, or upon a contract implied in law or fact.

11. This court finds that no presumption arose that the services rendered by Plaintiff in this case were gratuitous as there was an express or implied-in-fact or law contract that the decedent would compensate Plaintiff for those services rendered. However, even if such presumption arises, the evidence in this case is credible, substantial,

competent, and sufficient to rebut any presumption that the services rendered by Plaintiff were gratuitous.

Based upon the foregoing findings of fact and conclusions of law, it is

ORDERED AND ADJUDGED:

12.   That the Plaintiff, HELEN MANIS, shall have and recover the sum of Twenty-Four Thousand Two Hundred Thirty-Eight Dollars ($24,238.00) from the Defendant, ATHENA LOUIS VITOLO, as Personal Representative of the Estate of Louis Vitolo, deceased, or her successor(s), for which let execution issue.

13.   That the Plaintiff shall recover from the Defendant, ATHENA LOUIS VITOLO, as Personal Representative of the Estate of Louis Vitolo, deceased, or her successor(s), two thirds of Plaintiff's taxable costs, for which this court reserves jurisdiction to determine at a later date.